PER CURIAM.
Of the several points raised on appeal, we limit ourselves to the question of the accuracy of the computation of appellees’ damages. We affirm those damages which are supported in the record and we reverse the remainder with instructions to enter an amended final judgment.
This case results from an unsuccessful effort to sell a restaurant business in Port St. Lucie. Appellant is the prospective purchaser; appellees include the corporate owner and the stockholders of the closely-held corporation. For reasons that are irrelevant to this appeal, the parties entered into an interim management agreement which permitted appellant to occupy and run the restaurant prior to the sale. For reasons that are also unrelated to this appeal, the sale was never consummated. Ap-pellees then repossessed the restaurant by self-help. This gave rise to appellant’s suit for wrongful eviction and appellees counterclaim for breach of the management agreement.
The trial court awarded nominal compensatory and punitive damages for wrongful eviction. The computation of these damages is peculiarly within the province of the trier of fact and we find no reversible error. In their counterclaim, ap-pellees sought damages of $12,777.71.[1] The trial court awarded $12,277.21. The accuracy of this calculation is the major issue on appeal.
Appellees established their damages through the testimony of Mrs. Louise Parks, the corporate bookkeeper. She provided a detailed explanation and precise cost figure for each item of damage. Among the items listed were a series of attorneys’ bills for which the corporation sought reimbursement. The court intervened in the questioning and indicated that it found no justification for imposing appel-lees’ legal expenses on the appellant. In this respect, the court was eminently correct. The management agreement did not specify that appellant would be responsible for such costs and it was silent on the question of attorneys’ fees in the event of litigation to enforce the agreement.
Since the amount awarded to appel-lees almost equals the amount prayed for, it is reasonable to conclude that the trial court accepted and relied upon Mrs. Parks’ testimony. Yet, the figures set forth in her testimony do not justify the amount awarded. It is not entirely certain, but it appears that the sum of $2,269.38, which was claimed as the amount due for missing items, may have been counted twice. Therefore, we have recalculated each of the items in Mrs. Parks’ testimony and, excluding $2,792.50 for attorneys fees, we reach a total of $9,906.33.[2]
This figure, however, is subject to one final modification. Included in Mrs. Parks’ list is the sum of $1,433.39 which was paid to Florida Power & Light Company. Mrs. Parks also testified that appellant gave appellees a check for $1,455.00 to be used as a utility deposit. Since the trial court permitted appellees to retain the deposit, appellant is entitled to a credit. Accordingly, we find that the evidence, viewed *1105 in the light most favorable to the appellees, establishes their entitlement to $8,451.33. Thus, we affirm in part, reverse in part and remand with instructions to enter an amended final judgment on the counterclaim for $8,451.33.
AFFIRMED in part, REVERSED in part and REMANDED with instructions.
GLICKSTEIN, HURLEY, JJ., and GREEN, OLIVER L., Associate Judge, concur.

. This included $10,508.33 for expenses incurred because of appellant’s alleged breach and $2,269.38 for items which appellees found to be missing after they retook possession.

. $7,636.95 for incurred expenses plus $2,269.38 for missing items.